UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-20330-GAYLES

HERNS MOX PIERRE,

        Plaintiff,

v.

OFFICER BRIAN HANDKOFF, *et al.*,

        Defendants,

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, Herns Mox Pierre, appearing *pro se*, filed this action on January 27, 2023. [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* the same day [ECF No. 5]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*,

437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

Plaintiff filed this action against Officer Brian Hankoff, Officer Charles Travis, and Officer Kevin Childs (collectively, the "Defendants") alleging generally that Defendants conspired to deprive him of his constitutional rights and falsely imprisoned him during an arrest on August 18, 2022. While Plaintiff appears to state a claim against Officer Hankoff based on his arrest, the Complaint is a shotgun pleading. Plaintiff often refers to a "Defendant" without describing which Defendant he is referring to. Otherwise, Plaintiff provides no detail about how the Defendants conspired with one another. Plaintiff also fails to clearly distinguish each officer's actions or describe how each officer violated his constitutional rights. Plaintiff even names Hollie Michele Lyne and Marshala G. Mallelett as the alleged wives of two of the Defendant Officers, but it is unclear whether or why Ms. Lyne and Ms. Mallett are actual defendants. As a result, it is impossible to tell what, if anything, each Defendant did to harm Plaintiff. Indeed, the Court is unable to ascertain which facts support which claims and whether Plaintiff has stated any claims upon which relief can be granted.

The remainder of the Complaint contains cut and pasted recitations of the 1885 Florida Constitution, the Articles of Confederation, and random caselaw and statutes. Even under the applicable relaxed pleading standards for *pro se* litigants, the Complaint must be dismissed as frivolous. The Complaint is anything but "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rather, the Complaint is filled with conclusory, vague, and immaterial facts not obviously connected to a specific cause of action. Therefore, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of February, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE